621 F.Supp. 125 (1985)
COMPASS INSURANCE COMPANY, Plaintiff,
v.
H.P. MOORE, and Moore Flying, Inc., Caruthersville, Municipal Airport, Caruthersville, Missouri 63830, Defendants.
No. S84-0285C (D).
United States District Court, E.D. Missouri, Southeastern Division.
August 26, 1985.
*126 Jeffrey P. Hine, Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., Jennifer P. Ewers, Conklin & Adler, LTD, Chicago, Ill., for plaintiff.
Leo W. Nelsen, Lucas & Murphy P.C., St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
WANGELIN, Senior District Judge.
This matter is before the Court upon the separate motions of both plaintiff and defendant for summary judgment. Both motions have been opposed and all positions have been thoroughly briefed.
On June 2, 1977, Mr. Chester Zukowski, on behalf of Hollywood Flying Service, Inc., signed a promissory note that resulted in an indebtedness to the Miami National Bank in the amount of Eighty Thousand Twenty Five Dollars and Thirty Cents ($80,025.30). On October 10, 1980 the aforementioned note was assigned by Miami National Bank to plaintiff Compass Insurance Company. Mr. Zukowski subsequently defaulted on the note and plaintiff obtained a judgment against Hollywood Flying Services in the amount of One Hundred Eleven Thousand Eighty Eight Dollars and Nine Cents ($111,088.09) together with interest accruing at the rate of Twelve Percent (12%) per annum from October 29, 1980 until the judgment is paid. This judgment was entered by the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, on February 26, 1981.
Plaintiff, according to affidavits, then searched the F.A.A. records and found the airplane which is the subject matter of this action to be registered to Hollywood Flying Services. On February 25, 1982 a judgment lien was entered on the Cessna Model A1865 aircraft, Serial No. 18502751, bearing F.A.A. Registration No. N1096F, which was registered by the F.A.A. as owned by Hollywood Flying Services. The Order declaring Judgment Lien was subsequently recorded on June 8, 1982.
Simultaniously with the above, the Cessna aircraft was sold by Hollywood Flying Services to Sam Vives, d/b/a Mid-South Aircraft Sales; said sale taking place on August 20, 1979. On November 12, 1979, the Cessna was sold by Sam Vives, d/b/a Mid-South Aircraft Sales, to Mid-South Aircraft Sales. On May 11, 1981, the Cessna was sold by Mid-South Aircraft Sales to defendant Moore Flying, Inc. None of these transfers were recorded with the F.A.A. until June 30, 1983.
The facts of this matter being uncontroverted, the question before this Court is whether plaintiff or defendant has superior interest in the aircraft.
In 1938, Congress enacted the Federal Aviation Act to alleviate confusion caused by multiple state filing requirements of aircraft interests. It enacted § 503(a)(1) which directs the Secretary of Transportation to establish and maintain a system for recording "any conveyance which affects the title to, or any interest in, any civil aircraft of the United States." 49 U.S.C. § 1403(a)(1).
Section 503(c) of the Act provides:
No conveyance or instrument, the recording of which is provided for by 503(a)(1) shall be valid in respect of such aircraft ... against any person other than the person by whom the conveyance or other instrument is made or given, his heir or divisee, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the offices of the Secretary of Transportation. 49 U.S.C. § 1403(a)(1) and § 503(c).
The purpose of this Act as articulated by the Director of Air Commerce in Hearing before the House Committee on Interstate and Foreign Commerce is:

*127 To create a central clearinghouse for recordation of titles so that a person wherever he may be, will know where he can find ready access to claims against, or liens, or other legal interests in an aircraft.
In the case of Philko Aviation v. Shacket, 462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983), the Supreme Court clarified the controversy surrounding recorded interest against unrecorded interests. Philko involved the sale of an airplane to two different parties. The first party paid full value and took possession of the aircraft but failed to record. The second party purchased the same aircraft, and finding no competing interest in a title search, recorded their interest and became the owner of record. The Supreme Court, in reasoning that § 503 pre-empted Illinois statutes to the contrary, found in favor of the second purchaser, i.e. the owner of record. The Court found that "any other construction would defeat the expressed Congressional purpose behind § 503. Philko, supra.
The present case is no different. Plaintiff insurance company acquired its interest in the aircraft after it had been sold. However, the purchasers failed to record their documents of sale. Thus, when plaintiff searched the records, it found title in Hollywood Flying Services, Inc. Had defendant recorded its interest at the time of sale or even within a year of purchase, plaintiff would have had notice that Hollywood no longer had an interest.
The purpose of recording is to avoid the very problems raised in this action. Defendant H.P. Moore and Moore Flying, Inc. failed to record its ownership interest in the aircraft with the F.A.A. before plaintiff Compass obtained a judgment lien on the aircraft. Defendants' June 1983 attempted recordation, belatedly filed, is ineffective with respect to plaintiff Compass Insurance Company.
Defendants have argued that plaintiff must have had knowledge of the sales. In support, defendants cite Florida law to the effect that the judgment creditor stands in the shoes of the judgment debtor and as such plaintiff had constructive knowledge of the sale. This, however, simply was not the intent of Congress.
The purpose of § 506 is obvious from reading the Senate Reports on § 506. The Senate Reports state:
When the instrument has been filed for recordation under the Law, all persons are deemed to have notice of its existence and its effect on title to the property covered thereby. Consequently, to determine whether there are any encumberances on the aircraft, it is only necessary to consult these central files.
Hence, plaintiff by affidavit asserts that a diligent search was conducted and, as defendants have admitted, plaintiff found nothing because defendants failed to timely file. Furthermore, as the Philko case makes clear, any Florida law which purports to alleviate the necessity of a filing to protect its interest is pre-empted by the very language of the F.A.A. as well as the Florida U.C.C. Philko Aviation, Inc. v. Shacket, supra. See also, Fla.Stat.Ann. § 679.302 and notes accompanying.
Where all relevant facts have been established and a party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed.R.Civ.P. 56. In the present case, plaintiff is entitled to prevail. Hence, plaintiff's motion for summary judgment will be granted and defendants' motion for summary judgment will be denied.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment as to defendants H.P. Moore and Moore Flying, Inc. be and is GRANTED; and
IT IS FURTHER ORDERED that defendants' motion for summary judgment as to plaintiff Compass Insurance Company be and is DENIED.